Constantine D. Pourakis (cp@stevenslee.com)
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 537-0409
Fax: (610) 371-1237

and

Frank C. Sabatino (fcs@stevenslee.com)
Neil C. Schur (ncsc@stevenslee.com)
John C. Kilgannon (jck@stevenslee.com) (admitted *pro hac vice*)
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702
Telephone: (215) 751-2884
Fax: (610) 988-0873

Attorneys for Plaintiff William J. Einhorn, Administrator of the
Teamsters Pension Trust Fund of Philadelphia & Vicinity

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM J. EINHORN, Administrator of the TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA & VICINITY<br><br>Plaintiff,<br><br>v.<br><br>GOLDENTREE ASSET MANAGEMENT, L.P.,<br>GOLDENTREE CREDIT OPPORTUNITIES MASTER FUND, LTD.,<br>GOLDENTREE 2004 TRUST,<br>GOLDENTREE CREDIT OPPORTUNITIES SECOND FINANCING, LTD.,<br>GOLDENTREE HIGH YIELD VALUE FUND OFFSHORE 110 LIMITED,<br>GN3 SIP LIMITED,<br>ABSALON II, LIMITED,<br>STICHTING PGGM DEPOSITARY, ACTING IN ITS CAPACITY AS DEPOSITARY OF PGGM HIGH YIELD FUND, | 15-CV- |

| | |
|---|---|
| UNIPENSION INVEST F.M.B.A. HIGH YIELD OBLIGATIONER,<br>GOLDENTREE HIGH YIELD VALUE FUND OFFSHORE (STRATEGIC), LTD.,<br>CITY OF NEW YORK GROUP TRUST,<br>SAN BERNARDINO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION,<br>GOLDENTREE LOAN OPPORTUNITIES III, LTD.,<br>GOLDENTREE LOAN OPPORTUNITIES V, LTD.,<br>GOLDENTREE LOAN OPPORTUNITIES IV, LTD.,<br>CREDIT FUND GOLDEN LTD.,<br>GT NM, L.P.,<br>CENTURYLINK INC. DEFINED BENEFIT MASTER TRUST,<br>DIGNITY HEALTH,<br>GOLDENTREE CAPITAL OPPORTUNITIES, L.P.,<br>GOLDENTREE HIGH YIELD VALUE FUND OFFSHORE (STRATEGIC) LTD.,<br>NEW MEXICO EDUCATION RETIREMENT BOARD,<br>GOLDENTREE CREDIT OPPORTUNITIES SECOND FINANCING LTD,<br>SEB CREDIT, LTD.,<br>GOLDENTREE CREDIT OPPORTUNITIES FINANCING I, LTD.,<br>GOLD COAST CAPITAL SUBSIDIARY X LIMITED,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, William J. Einhorn ("Einhorn"), Administrator of the Teamsters Pension Trust Fund of Philadelphia & Vicinity (the "Fund"), by way of complaint states as follows:

### JURISDICTION AND VENUE

1. This is an action under Section 4301 of the Multiemployer Pension Plan Amendments Act, 29 U.S.C. § 1381 *et seq.* ("MPPAA"), 29 U.S.C. § 1451, a statutory amendment to the

2

Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), for damages and related relief arising from unpaid withdrawal liability.

2. The Court has jurisdiction over this matter pursuant to Section 4301 of MPPAA, 29 U.S.C. § 1451, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 29 U.S.C. §1451(d).

## RELATED CASE

4. This case is related to *GoldenTree Asset Management, L.P. v. Teamsters Pension Trust Fund of Philadelphia & Vicinity*, U.S.D.C., S.D.N.Y. No. 14-CV-8951, as it involves common questions of law and fact.

## PARTIES AND RELATED ENTITIES

5. Einhorn is the Administrator of the Fund and is a fiduciary of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). He has been authorized by the Trustees of the Fund to bring this action on the Fund's behalf and has commenced this action in his capacity as a fiduciary of the Fund pursuant to 29 U.S.C. § 1132.

6. The Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), and a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Fund was established pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), by various local unions that are located in the Philadelphia metropolitan area and affiliated with the International Brotherhood of Teamsters ("IBT") and various employers having collective bargaining agreements with these local unions.

7. The Fund exists for the exclusive purpose of providing benefits to its participants and beneficiaries. The Fund is duly administered by its Board of Trustees and maintains its office at 6981 N. Park Drive, Suite 400, Pennsauken, New Jersey 08109.

8. Defendant GoldenTree Asset Management LP ("GTAM") is a Delaware limited partnership formed in 2000, with offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017. GTAM has only one partner who has an ownership percentage in excess of 25%, Steven A. Tananbaum. Mr. Tananbaum has voting control over GTAM and, upon information and belief, has similar control over related entities that GTAM manages and operates.

9. Defendant GoldenTree Credit Opportunities Master Fund, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

10. Defendant GoldenTree 2004 Trust is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

11. Defendant GoldenTree Credit Opportunities Second Financing, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

12. Defendant GoldenTree High Yield Value Fund Offshore 110 Limited is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

13. Defendant GN3 SIP Limited is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

14. Defendant GoldenTree High Yield Value Fund Offshore (Strategic), Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

15. Defendant GoldenTree Loan Opportunities III, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

16. Defendant GoldenTree Loan Opportunities IV, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

17. Defendant GoldenTree Loan Opportunities V, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

18. Defendant Credit Fund Golden Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

19. Defendant GT NM, L.P. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

02/11/2015 SL1 1347115v7 027202.00221

20. Defendant GoldenTree Capital Opportunities, LP is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

21. Defendant GoldenTree Credit Opportunities Financing I, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

22. Defendant Absalon II, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

23. Defendant SEB Credit, Ltd. is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

24. Defendant Gold Coast Capital Subsidiary X Limited is, upon information and belief, an investment fund managed by or otherwise affiliated with GTAM. It has offices located at 485 Lexington Avenue, 15th Floor, New York, New York 10017.

25. Defendant New Mexico Educational Retirement Board is, upon information and belief, a defined benefit pension plan. It has a last known address of 6201 Uptown Boulevard Northeast #204, Albuquerque, New Mexico 87110.

26. Defendant San Bernardino County Employees' Retirement Association is, upon information and belief, a defined benefit pension plan. It has a last known address located at 348 W. Hospitality Lane, Third Floor, San Bernardino, California 92415-0014.

27. Defendant Dignity Health is, upon information and belief, a California non-profit corporation. It has an address located at 185 Berry Street, Suite 300, San Francisco, California 94107.

28. Defendant City of New York Group Trust is, upon information and belief, a fund that provides pension benefits to current and former employees of the City of New York. It has an address located at c/o The Bank of New York Mellon, 1 Wall Street, New York, New York 10286.

29. Defendant Century Link Defined Benefit Master Trust, is, upon information and belief, a defined benefit plan. It has an address located at 1801 California Street, Suite 3800, Denver, Colorado 80202.

30. Defendant Unipension Invest F.M.B.A. High Yield Obligationer is, upon information and belief, a defined benefit plan. It has an address located at Otto Mønsteds Plads 9, Copenhagen, Denmark 1563.

31. Defendant Stichting PGGM Depositary, acting in its capacity as depositary of PGGM High Yield Fund, is, upon information and belief, a defined benefit plan. It has an address located at Kroostweg-Noord 149 Zeist Utrecht, 3740 DV, Netherlands.

## FACTUAL BACKGROUND

32. Source Interlink Distribution, LLC ("Source Interlink") is a Delaware limited liability company.

33. Source Interlink was a party to a collective bargaining agreement with IBT Local 628 (as amended and supplemented, the "CBA").

34. Pursuant to the CBA, Source Interlink was obligated to make prompt monthly contributions to the Fund on behalf of its employees covered by the CBA.

35. Accordingly, Source Interlink is an "employer" for purposes of ERISA and MPPAA.

36. Prior to October 2013, GTAM formed a joint venture or partnership -- within the meaning of the applicable regulations to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1) -- with the other defendants identified in paragraphs 9 through 31 of this Complaint (collectively with GTAM, the "Defendants" or the "GTAM Joint Venture") pursuant to which GTAM contributed consulting and advisory services and the other members of the GTAM Joint Venture contributed capital.

37. Upon information and belief, prior to October 2013, certain members of the GTAM Joint Venture made a loan to Source Interlink, and its related entities (collectively, the "Source Home Entities") which was secured by liens on the assets of those entities.

38. Also prior to October 2013, the GTAM Joint Venture decided to acquire a controlling interest in the Source Home Entities to take over the management of those companies, restructure their business operations, eliminate unprofitable lines and take other actions designed to improve their value, and then sell them for a profit.

39. On October 4, 2013, the GTAM Joint Venture orchestrated a corporate restructuring of the Source Home Entities pursuant to which they: (i) effected a debt for equity swap with their secured lenders; and (ii) separated the companies' media and distribution businesses (the "October 2013 Restructuring").

40. Upon information and belief, to effectuate the October 2013 Restructuring, certain members of the GTAM Joint Venture formed a limited liability company, Source Home Entertainment, LLC, a Delaware limited liability company ("Source Home"). The members of the GTAM Joint Venture, exclusive of GTAM, own in excess of eighty percent of the ownership interests or voting interests in Source Home. Source Home, in turn, owns one hundred percent (100%) of the ownership interests and voting interests in Source Interlink.

8

### GTAM's Managerial Control Over the Source Home Entities

41. Through the October 2013 Restructuring, which upon information and belief was orchestrated by GTAM, the GTAM Joint Venture acquired the equity interests in the Source Home Entities.

42. Upon information and belief, at all material times, the GTAM Joint Venture owned in excess of eighty percent of the ownership interests or voting interests in Source Home, the parent of Source Interlink.

43. Following the October 2013 Restructuring, the GTAM Joint Venture, acting through GTAM, effectively managed the operations of the Source Home Entities and exerted substantial operational and managerial control over them.

44. Upon information and belief, GTAM had nomination rights for five of the seven members of the Board of Directors of Source Home, which owns 100% of the equity interests in Source Interlink.

45. Upon information and belief, GTAM exercised those rights and appointed five members of the Board of Directors of Source Home.

46. The GTAM Joint Venture is a trade or business in common control with Source Interlink and an "employer" for purposes of assessing and collecting withdrawal liability pursuant to Section 4001(b)(1) of ERISA.

### Source Interlink's Withdrawal From the Fund and Controlled Group Liability

47. In May 2014, Source Interlink permanently ceased all covered operations and effected a complete withdrawal from the Fund within the meaning of MPPAA. As such, Source Interlink, and all members of any controlled group with Source Interlink arising under Section 4001(b)(1) of ERISA, became liable for payment of withdrawal liability plus statutory interest, liquidated damages, costs and attorneys' fees.

48. On June 23, 2014, Source Interlink, Source Home and certain affiliated entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware. The bankruptcy cases that were commenced by virtue of the filing of the voluntary petitions are being jointly administered under U.S.B.C. Del. Bankr. Case No. 14-11553 (KG) (the "Bankruptcy Cases").

49. The bankruptcy filing will not obviate any obligations that the Fund may have to provide pensions to Source Interlink's employees. In light of the bankruptcy filing, the Fund will not be able to recover any withdrawal liability from Source Interlink or its bankrupt affiliates. Failure to collect such funds will impede the Fund's ability to satisfy any pension obligations to its participants, including those who worked for Source Interlink.

50. By letter dated September 12, 2014, the Fund notified GTAM that: (i) Source Interlink had withdrawn from the Fund; (ii) the Fund had assessed GTAM, and all members of the controlled group, with withdrawal liability arising from Source Interlink's withdrawal from the Fund; and (iii) the Fund demanded payment of withdrawal liability.

51. By virtue of the notice to GTAM, trades or businesses under common control with Source Interlink, including all members of the GTAM Joint Venture, were provided notice of the withdrawal.

52. On November 12, 2014, the Fund sent GTAM a notice of default for failure to pay installment payments of withdrawal liability.

53. Upon information and belief, and at all material times, Source Home owned one hundred percent of the ownership interests in Source Interlink. Therefore, it is a trade or business under common control with Source Interlink and an employer for purposes of assessing and collecting withdrawal liability pursuant to Section 4001(b)(1) of ERISA.

10

54. The Source Entities have conceded they own in excess of eighty percent of the ownership interests of Source Home: they have asserted in filings in the Bankruptcy Cases that funds and accounts affiliated with GTAM own eighty two percent (82%) of the ownership interests of Source Home. Additionally, according to the Official Committee of Unsecured Creditors that was appointed in the Bankruptcy Cases (the "Committee"), the GTAM Joint Venture holds approximately eighty percent (80%) of the equity interests of Source Home. *See In re Source Home Entertainment, LLC*, United States Bankruptcy Court for the District of Delaware, Case No. 14-11553 (KG) [D.I. 125, p. 2].

55. As an employer under common control with Source Interlink, Source Home is jointly and severally liable for the withdrawal liability assessment against Source Interlink.

56. As employers under common control with Source Interlink and Source Home, the Defendants are jointly and severally liable for the withdrawal liability of Source Interlink.

57. Neither the Source Home Entities nor the Defendants have made any payments to the Fund to satisfy Source Interlink's withdrawal liability.

58. Sixty days after November 12, 2014, *i.e.*, on January 11, 2015, the entire withdrawal liability of Source Interlink accelerated and became due and owing as a lump sum.

59. None of the Defendants has requested arbitration of the withdrawal liability assessment.

## COUNT I – WITHDRAWAL LIABILITY

60. Einhorn re-avers the allegations of paragraphs 1-59 set forth herein.

61. Source Interlink has permanently ceased all operations covered by the CBA and has effected a complete withdrawal from the Fund within the meaning of Section 4203(a) of MPPAA, 29 U.S.C. § 1383(a).

62. The Fund has determined that Source Interlink has incurred $6,916,315.74 in withdrawal liability under MPPAA as a result of this complete withdrawal. Through the filing of proofs of claim in the Bankruptcy Cases, the Fund has assessed both Source Interlink and Source Home, and their affiliated entities within the controlled group, for this amount of withdrawal liability.

63. As members of a controlled group with Source Interlink, the Defendants are jointly and severally liable for Source Interlink's withdrawal liability and have been assessed for withdrawal liability.

64. The Defendants have incurred a default under Section 4219(c)(2) and (c)(5) of MPPAA and the withdrawal liability has been accelerated and is due in a lump sum.

65. The Fund's Plan authorizes liquidated damages on withdrawal liability delinquencies at the rate of twenty percent (20%) of the withdrawal liability.

WHEREFORE, Einhorn demands judgment in the Fund's favor, and against the Defendants, jointly and severally, in accordance with ERISA, awarding the following damages:

(a) Withdrawal liability in the amount of $6,916,315.74 or, alternatively, delinquent withdrawal liability as the Court may award;

(b) Prejudgment interest in withdrawal liability from the date the payments were due;

(c) Post judgment interest;

(d) Liquidated damages;

(e) Attorneys' fees and costs;

(f) A permanent injunction enjoining the Defendants from any future violations of ERISA and MPPAA; and

02/11/2015 SL1 1347115v7 027202.00221

(g) Such other and further relief that the Court deems necessary and just.

>STEVENS & LEE, P.C.
>
>By: _____
>
>Constantine D. Pourakis
>485 Madison Avenue, 20th Floor
>New York, NY 10022-5803
>Telephone: (212) 319-8500
>Facsimile: (212) 319-8505
>cp@stevenslee.com
>
>*Attorneys for William J. Einhorn, Administrator of the Teamsters Pension Trust Fund of Philadelphia & Vicinity*

02/11/2015 SL1 1347115v7 027202.00221